Michael B. Horrow (SBN 162917)
E-mail: mhorrow@donahuehorrow.com
Scott E. Calvert (SBN 210787)
E-mail: scalvert@donahuehorrow.com
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, CA 90245
Tel: 310.322.0300    Fax: 310.322.0302

Attorneys for Plaintiff Saeid Nosrati, M.D.

Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
Karen T. Tsui (SBN 305869)
E-mail: ktsui@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant Provident Life and Accident Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAEID NOSRATI, M.D., <br><br> Plaintiff, <br><br> v. <br><br> PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY AND DOES 1 THROUGH 10, <br><br> Defendant. | Case No. 2:17-cv-05159 TJH (KSx) <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation for Protective Order ("Stipulation") filed on August 12, 2019, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 2, 7(b), 7(f), 7(g), 13(b), 14, 18 of the Stipulation.**

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 1 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to this action, Plaintiff Saeid Nosrati ("Plaintiff") and Defendant Provident Life and Accident Insurance Company ("PLA") (collectively referred to herein as "the parties") that certain documents, materials or information produced in discovery, shall be subject to the following Agreement with respect to confidentiality and privacy, subject to the approval of the Court.

1. Good Cause Statement

This action arises out of Plaintiff's claim for benefits under a policy of disability insurance issued by Defendant to Plaintiff. Plaintiff seeks discovery of company guidelines, policies, procedures and marketing materials relating to Plaintiff's claim for disability benefits. This material contains or may contain information protected as proprietary trade information and/or subject to other privileges and protections. Should the information be disclosed publicly, and be thereby made available to competitors, potential harm to Defendant's business and its shareholders' interests could result, as well as harm to third parties.

The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns. The parties believe that issuance of a protective order, upon stipulated terms and conditions, balances Plaintiff's right and need for reasonable discovery with Defendant's business and competitive interests.

2. Upon entry of an Order by this Court, this Protective Order shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to paragraph 6**.** ~~through the entirety of this litigation,~~

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 2 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

~~through any trial or appeal~~.  The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order. ~~both at trial and upon any appeal of this case~~.  **Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.**

3. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

4. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

5. Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 7, 10, and 12 below.

6. Any party may designate any Discovery Materials it deems to be confidential by designating such Discovery Materials as "CONFIDENTIAL."

7. Except as provided in paragraphs 10-12, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

> (a) Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;
BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 3 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

(b)     "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, which includes employees of any company, assisting in the defense of the action; (3) actual or prospective experts and consultants retained or consulted by a party or a party's counsel in the course of this action, (4) any professional vendors or other persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium and their employees and subcontractors); (5) any private mediator or other ADR professional retained or selected by the parties to assist in the resolution of the matter; and (6) the court and court personnel, ~~in accordance with the terms specified below in paragraph 7(e)~~. These persons shall not disclose, discuss or reveal the contents or existence of the Protected Information or the actual Protected Information itself to any other person or entity not specifically described in this paragraph. There shall be no other permissible dissemination of "CONFIDENTIAL" Discovery Materials. If a party produces any Discovery Materials that mention or reference any <u>other</u> party to this litigation, or such other party's employees or agents (past or present), such Discovery Materials shall be designated as "CONFIDENTIAL," unless express written consent of that other party is obtained.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 4 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

(c) No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(d) Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" to their retained consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit 1. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "CONFIDENTIAL" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit 1.

(e) During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 5 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f) In the event that any "CONFIDENTIAL" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" discovery materials ~~shall be filed under seal in accordance with this Court's Local Rules~~. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL," as described herein.

(g) **The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.**

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 6 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

8. In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph 6, above.

9. At the request of any designating party, made in writing or on the record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information subject to the protective order, and the original and all copies of such deposition transcripts shall be marked accordingly as "CONFIDENTIAL" by the reporter. Upon the written demand of a receiving party made after receipt of transcript, the designating party shall have thirty (30) days after receipt of the deposition transcript to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information. If no such designation is made within thirty (30) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by facsimile to the designating party notifying the designating party that it has three (3) business days from the date of the second written demand in which to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information. If, at the expiration of the three business day period, the designating party fails to provide written notice of its intent to designate the information as "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition transcript shall be deemed waived. Each party and the Court Reporter shall attach a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 7 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

copy of such written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with the Protective Order.

10. Nothing in this Order shall be deemed to preclude any party or third party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provision of this order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated, or from requesting the Court to amend or modify this Order with respect to any particular matter.

11. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

12. If any dispute arises concerning whether information designated as "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL" information for purposes of this Protective Order, the parties shall comply with Local Rule 37. Prior to the determination of any such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL.

13. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof.

    (a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 8 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

| | |
|---|---|
| 1 | counsel for the party who produced such "CONFIDENTIAL" |
| 2 | Discovery Materials within ten (10) business days of destruction; and |
| 3 | (b) ~~The Clerk of the Court shall, upon request of a~~ A party |
| 4 | that produced any "CONFIDENTIAL" Discovery Materials, ~~return to~~ |
| 5 | ~~such party all documents and things containing or referring to such~~ |
| 6 | ~~Discovery Materials that were filed under seal pursuant to this~~ |
| 7 | ~~Protective Order. As to those documents or things containing such~~ |
| 8 | ~~information which cannot be so returned, they shall continue to be kept~~ |
| 9 | ~~under seal and shall not be examined by any person without a prior~~ |
| 10 | ~~Court order, after due notice to Counsel of Record, or the written~~ |
| 11 | ~~stipulation of each of Counsel of Record~~. |

14. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, ~~additional~~ protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.

15. Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action. The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 9 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

16. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

17. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

18. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise. **As noted in paragraph 2 above, this Order does not govern the use of Protected Material at trial.**

IT IS SO STIPULATED.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 10 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

| | |
|---|---|
| DATED: August 12, 2019 | DONAHUE & HORROW, LLP<br>MICHAEL B. HORROW<br>SCOTT E. CALVERT |
| | By: /s/ Scott E. Calvert<br>MICHAEL B. HORROW<br>SCOTT E. CALVERT<br>Attorneys for Plaintiff Saeid Nosrati, M.D. |
| DATED: August 12, 2019 | Burke, Williams & Sorensen, LLP<br>DANIEL W. MAGUIRE<br>KAREN T. TSUI |
| | By: /s/ Karen T. Tsui<br>DANIEL W. MAGUIRE<br>KAREN T. TSUI<br>Attorneys for Defendant Provident Life and Accident Insurance Company |

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Scott E. Calvert, counsel for Plaintiff Saeid Nosrati, M.D., and that I have obtained Mr. Calvert's authorization to affix his electronic signature to this document.

By: /s/ Karen T. Tsui
DANIEL W. MAGUIRE
KAREN T. TSUI
Attorneys for Defendant Provident Life
and Accident Insurance Company

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 13, 2019

_Karen L. Stevenson_
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4832-3939-2668 v1
05040-0117

- 11 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# EXHIBIT 1

# AGREEMENT FOR CONFIDENTIALITY OF INFORMATION

In consideration of the disclosure to me of certain information which is subject to an Agreement for Confidentiality of Information ("Agreement"), I state as follows:

1. That I reside at _____, in the City and County of _____ and the State of _____.

2. That I have read and understand the Agreement for Confidentiality of Information dated _____.

3. That I agree to comply with and be bound by the provisions of the Agreement.

4. That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Agreement, and will not copy or use, except solely for the purposes of this assignment, any confidential document or information as defined by the Agreement, except as provided herein.

5. That I understand that if I violate the terms of the Agreement, I may be subject to civil action and/or an enforcement proceeding before the Court, including an application to have me held in contempt if this claim is in litigation.

6. That I agree to submit myself to the personal jurisdiction of a California state or federal court in connection with any proceedings seeking enforcement of the Agreement.

Dated: _____          _____
                                                    Signature

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4832-3939-2668 v1
05040-0117

- 12 -

CASE NO. 2:17-cv-05159 TJH (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER